# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LENZY BUTLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **CIVIL NO. 06-038-DRH** |
| **ROGER E. WALKER, TERRY McCANN,** ) | |
| **NIGEL VINYARD, JANET BERNARD,** ) | |
| **DR. JORGENDRA CHHABRA,** ) | |
| **UNKNOWN DIETARY MANAGER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Shawnee Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief

---

[1] Based on mail returned to the Court from the Illinois Department of Corrections, it appears Plaintiff was released from custody shortly after he filed the complaint.

>    may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such
>    relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

## FACTUAL ALLEGATIONS

In March 2003, while in Illinois Department of Corrections ("IDOC") custody and housed at the Pontiac Correctional Center, Plaintiff was diagnosed with stomach cancer. The next month, Plaintiff received surgery, a total gastrectomy, at the University of Illinois, Chicago. In August 2003, Plaintiff was released on parole. In June 2005, Plaintiff was convicted of another crime and was again taken into IDOC custody and was placed at the Shawnee Correctional Center. Plaintiff saw medical staff at Shawnee on July 6, 2005, and informed them of his prior surgery, the medications he had been taking, and the fact that he experienced severe pain after eating. Plaintiff saw a psychiatrist, Dr. Gillum (not a defendant), on July 7, 2005, regarding mental health problems that stemmed directly from his severe abdominal pain. He also informed Dr. Gillum that prior to his reincarceration he had been scheduled to receive open heart surgery. Dr. Gillum prescribed several medications for his psychological conditions.

Plaintiff states that between July 6, 2005, and the filing of the complaint on January 18, 2006, Plaintiff saw Defendant Dr. Chhabra and other Shawnee medical staff eighteen times and was admitted to the prison infirmary on four occasions. He received various pain and gastric medications at each visit. On November 21, 2005, Plaintiff received a CT scan at the Union County

Hospital that revealed a small hiatal hernia and mild diverticulosis. A PET scan was recommended, but never scheduled.

Plaintiff complains that despite the numerous appointments, the defendants have not provided him with a special diet to accommodate his condition, causing him extreme pain after eating, and sometimes choking and vomiting; have refused to schedule him for open heart surgery on the grounds that he would be out of IDOC custody soon; and have refused to schedule a bi-annual tissue biopsy ordered by Plaintiff's oncologist. Plaintiff states that Defendant Chhabra has refused to provide Plaintiff with a medical transfer to a facility better equipped to treat his conditions, and has provided Plaintiff with narcotic pain medication that does not help control his pain. Plaintiff states that as a result of this "deliberate indifference" he has experienced and continues to experience psychological problems, namely depression and anxiety disorder. Plaintiff filed a number of grievances about his medical treatment, but none satisfactorily resolved the issues. Plaintiff spoke directly with Defendants McCann and the unknown dietary manager and each assured Plaintiff that the problems would be "taken care of," yet neither Defendant acted to rectify the situation.

## LEGAL STANDARDS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Plaintiff saw medical personnel 18 times over the course of approximately six months. Generally, such frequent medical exams would not indicate deliberate indifference.  However, here Plaintiff states that despite the numerous appointments, his diet, medical transfer, and open heart surgery were never addressed.  He also states that despite the visits and medications prescribed, he continued to experience severe abdominal pain.  Based on these allegations and the legal standards described above, Plaintiff's claims of deliberate indifference to his serious medical needs cannot be dismissed at this point in the litigation.

## DEFENDANTS

A word about Defendants is in order.  Plaintiff lists Roger E. Walker, Nigel Vinyard, and Janet Bernard as defendants in the caption of his complaint.  However, the statement of claim does not include any specific allegations against these defendants.  "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Furthermore, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff personally requested assistance from Defendants McCann and the unknown dietary manager, and was told by both that his problems would be "taken care of," yet neither individual took any corrective steps. Plaintiff also specifically alleges that Defendant Chhabra refused to provide him with the requested treatment. Consequently, Plaintiff may proceed against Defendants Chhabra, McCann, and the unknown dietary manager only. Defendants Walker, Vinyard, and Bernard are **DISMISSED** from the action.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Chhabra and McCann***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Chhabra and McCann*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the unknown dietary manager until such time as Plaintiff has identified him or her by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is

Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: October 31, 2006**

/s/ David RHerndon
**DISTRICT JUDGE**