IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| LENZY BUTLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 06-cv-00038-DRH-DGW |
| ROGER E. WALKER, *et al.* | ) | |
| Defendants | ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is a motion for sanctions filed by Defendant Terry McCann ("Defendant" or "McCann") (Doc. 18). For the following reasons, the Court **RECOMMENDS** that Defendant's motion for sanctions **BE GRANTED** and that Plaintiff's lawsuit against McCann **BE DISMISSED WITH PREJUDICE.**

**FINDINGS OF FACT**

On January 18, 2006, Plaintiff Lenzy Butler ("Plaintiff"), who is proceeding *in forma pauperis*, filed this lawsuit while he was incarcerated at the Shawnee Correctional Center ("SCC") in Vienna, Illinois. On October 31, 2006, the Court conducted its preliminary review of Plaintiff's Complaint in accordance with 28 U.S.C. §1915, and concluded that Plaintiff could proceed with his 42 U.S.C. §1983 claim against Defendant Terry McCann ("Defendant" or "McCann"), Chhabra Jogenda, M.D., and an unknown dietary manager (collectively "Defendants") (Doc. No. 6). Plaintiff specifically claims that Defendants were deliberately indifferent to his serious medical needs.

According to the Complaint, Plaintiff was diagnosed with stomach cancer before he arrived at SCC, and Defendants refused to provide him with a special diet, refused to schedule open-heart surgery for him, refused to schedule a biannual tissue biopsy, refused to transfer him

to a prison that was equipped to treat his condition, and gave him pain medicine that did not alleviate his pain. Plaintiff further alleges that McCann, the warden at SCC, violated his constitutional rights by promising Plaintiff that his complaints concerning his illnesses would be solved, and then failing to take steps the appropriate steps to remedy his problems. *See* Doc. No's 1, 6. Soon after Plaintiff filed his Complaint, Plaintiff was released from custody. Defendant filed his Answer on January 8, 2007 (Doc. 12). Defendant Chhabra Jogendra, M.D. never answered Plaintiff's complaint.

Before the discovery deadline approached, Defendant sought to depose Plaintiff about his allegations and scheduled Plaintiff's deposition to take place on June 19, 2008. Although Plaintiff was no longer incarcerated and Defendant served his Notice of Deposition approximately one month in advance of the deposition date, Plaintiff did not show up for his deposition (Doc. 18, Exhibit A). Consequently, Defendant has filed the pending motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d) and has asked the Court to dismiss Plaintiff's complaint. *See* Doc. No. 18.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37 (d) (1) (A) (i) permits a "court where the action is pending [to] order sanctions if . . . a party fails . . . after being served with proper notice . . . to appear for the person's deposition . . . ." Fed. R. Civ. P. 37(d) (1) (A) (i). These sanctions include, but are not limited to: "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, (iii) striking pleadings in whole or in part; . . (v) dismissing the action or proceeding in whole or in part; Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37 (b)(2)(A). Moreover, if a district court decides to impose sanctions on a party, the Seventh Circuit does not "require [the Court] to select the

least drastic or most reasonable sanction." *Melendez v. Illinois Bell Telephone Co.,* 79 F.3d 661, 672 (7th Cir. 1996). The selected sanction must, however, be "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Id (citing Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992).

## SANCTION OF DISMISSAL

District courts are not required to fire a warning shot before imposing sanctions. *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987); *Serritella v. Markum*, 119 F.3d 506, 512 (7th Cir. 1997). The sanction of dismissal is, however, a "last resort which can only be employed in rare cases." *Banco Del Atlantico, S.A. v. Woods Industries, Inc.,* 519 F.3d 350, 353 (7th Cir. 2008). Dismissal "is a 'draconian' remedy, which should be applied only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Id.* But "that doesn't mean that it can never be used." *Id.*

In *Stevens v. Greyhound Lines, Inc*., 710 F.2d 1224, 1228 (7th Cir. 1983), the Seventh Circuit held that the sanction of dismissal is appropriate under Rule 37(d) when, as here, a party has failed to physically appear for his deposition. The court stated "that the term 'appear' as used in Rule 37(d) must be strictly construed, limiting it to the case where a defendant literally fails to show up for a deposition session." *Stevens*, 710 F.2d at 1228; *see Gee v. City of Chicago Public Schools*, 2002 WL 1559704, *2-3 (N.D. Ill. Jul. 12, 2002); *Vennett v. American Intercontinental University Online*, 2007 WL 4442321 (N.D. Ill. Jul. 12, 2002) (noting that the sanction of dismissal generally will not be imposed unless the plaintiff fails to appear for a deposition or otherwise repeatedly fails to comply with discovery.")

In this case, Plaintiff failed to attend his deposition, and, by not responding to Defendant's motion, chose not to provide the Court with any explanation for his conduct. And

although Defendant's counsel gave Plaintiff plenty of time to inform him of any scheduling conflicts, Plaintiff did not contact him at any time before the deposition. Last, Plaintiff failed to show up for the Court's final pre-trial conference, during which time the Court addressed Defendant's motion and would have provided Plaintiff with a second opportunity to explain to actions. Plaintiff's conduct in this case is nothing short of a willful disregard of his discovery obligations and Defendants' time. Consequently, the sanction of dismissal is proper. *See Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1996) (holding "[d]ismissal is proper where the party has displayed willfulness, bad faith or fault."); *see also Hindmon v. National-Ben Franklin Life Ins. Corp.,* 677 F.2d 617, 621-622 (7th Cir. 1982) (noting "[i]t is well settled . . . that the entry of dismissal under Rule 37 requires a showing of 'willfullness, bad faith, or fault' on the part of a non-complying party.").

## SANCTION OF REASONABLE EXPENSES

Defendant additionally seeks an order requiring Plaintiff to pay him $60.00 for the court reporter's time and deposition transcript. Defendant essentially asks this Court to award him the "reasonable expenses" caused by Plaintiff's failure to participate in his deposition. Federal Rule of Civil Procedure 37(d)(3) governs this issue. The rule states:

> Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, . . . unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3). Rule 37(d)(3) therefore requires the Court to order Plaintiff to pay Defendants' reasonable expenses since the Court is recommending that Plaintiff receive a sanction for failing to participate. *See Knowledge A-Z, Inc. v. Jim Walter Resources, Inc.* 2008 WL 2600167, *1 (S.D. Ind. Jun. 25, 2008) (noting "sanctions sought for reimbursement are not only appropriate, they are virtually mandatory by Rule 37(d)(3).")

There are two exceptions to Rule 37's mandate: Plaintiff's failure to participate in his deposition must be substantially justified, or there must be "other circumstances" that make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). Since Plaintiff failed to respond to Defendant's motion and further failed to attend this Court's final pre-trial conference, the Court did not have the opportunity to determine whether Plaintiff's failure to attend his deposition was "substantially justified." Moreover, there are no facts before the Court that suggest such an award of expenses would be unjust. Accordingly, the Court finds an order requiring Plaintiff to pay the $60.00 court reporter fee is appropriate in this case.

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion for sanctions **BE GRANTED** and that the Court dismiss this case against Defendant McCann with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: March 2, 2009**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**